From Otto Herbst, Erie, Pa.

---

## Commonwealth v. Walker.

*Criminal law—Adultery—Corpus delicti—Evidence—Burden of proof.*

1. In a prosecution for adultery, the burden is upon the Commonwealth to prove the *corpus delicti.*

2. Proof of the *corpus delicti* beyond a reasonable doubt is essential in such a case.

3. Where it is shown that a woman not living with her husband had a man visitor three times a week for a long period of time, went automobile riding with him at night, and admitted to witnesses for the Commonwealth that she was pregnant by him, the *corpus delicti* may be inferred from such evidence, although there is no direct proof of adultery.

Motion for new trial. Q. S. Somerset Co., May Sess., 1926, No. 36.

*P. G. Cober,* District Attorney, for Commonwealth.

*Boose & Boose,* for defendant.

BERKEY, P. J., Oct. 6, 1926.—The defendant and Norman Harold Walker were married Dec. 3, 1924; the couple lived together less than a week, when the wife returned to her parents, residing in Somerset Borough continuously until March 7, 1926, when she accompanied them to Gettysburg, Pa., where she now lives.

From the time of her separation from her husband until she removed from Somerset County, her three times a week visitor and escort was one Lloyd Fritz, who took her out in his automobile, went with her to moving-picture shows in Somerset and Johnstown. His visits were usually at night, on which occasions the pair were frequently alone on auto trips and in the home of her parents.

The Commonwealth proved that early in March, 1926, she called to her home the court's probation officer to discuss with the officer the ways and means of procuring a divorce, when her appearance prompted the officer to inquire of the defendant whether she was pregnant, to which inquiry she admitted such was her condition—pregnancy for about five months—and that Lloyd Fritz was the father of her prospective child. It was further proved by the Commonwealth by three other witnesses she had made similar statements to them. The defendant admitted all the circumstances of the case

Commonwealth v. Walker.

put in evidence by the Commonwealth, but denied (1) she made admissions of her pregnancy to any of the Commonwealth's witnesses; (2) denied the charges; and (3) that she—aged seventeen—had never been pregnant by any man, and as to this latter fact she was corroborated by her parents. The jury returned a verdict of guilty of adultery, the charge laid in the indictment.

The defendant moved for a new trial, and upon the argument counsel pressed two reasons: (1) There is no evidence in the case to prove that the offence charged in the indictment was committed within the jurisdiction of the court; (2) and that the court erred in permitting the Commonwealth to prove the admission of her pregnancy by Lloyd Fritz without first proving the corpus delicti.

The defendant denied the charge. The Commonwealth relied upon the admissions of the defendant to others as well as her admissions on the witness-stand at the trial. There was no evidence in the case that warranted a submission to the jury of the question as to the locus in quo of the commission of the offence.

Courts take judicial notice of the sub-divisions of states, boundaries of counties, locations of cities and towns, and distances between them: Underhill's Criminal Evidence, page 55, § 57.

On cross-examination of the defendant, she said she and Fritz made frequent trips at night to Johnstown. It is twenty-eight miles from Somerset through the country to the Cambria County line; thence by all the roads two miles into the heart of the city. The way in Cambria County is through suburban, residential sections, Ferndale Borough and the streets of the City of Johnstown.

The order of proof of the corpus delicti is the second proposition to be considered. The burden is upon the Commonwealth to prove the corpus delicti. Proof of the corpus delicti beyond a reasonable doubt is essential (Gray v. Com., 101 Pa. 380, 386), and the corpus delicti may be established by circumstantial evidence (Com. v. Johnson, 162 Pa. 63, 69), and while in many cases it is desirable that sufficient evidence should be given as to the corpus delicti sufficient to carry the case to the jury prior to receiving evidence of admissions, yet so eminent an authority as Prof. Wigmore says: "The order of evidence is in general left to the determination of the trial court. No specific regulation exists for the order of evidence required:" Vol. III, page 2718, § 2038.

It is further said by the same authority: "It is obvious that while a usual order for introducing topics of evidence and witnesses is a desirable thing, a variation from that order cannot frequently cause direct harm; it can do so only where it tends to confuse the jury, or where it misleads the opponent or finds him unprepared to meet it. Moreover, the necessity for such a variation and the likelihood that it will confuse or mislead must depend almost entirely upon the particular circumstances of each case. Accordingly, it is a cardinal doctrine, applicable generally to all of the ensuing rules, that they are not invariable, that they are directory rather than mandatory, and that an alteration of the prescribed customary order is always allowable in the discretion of the trial court:" (Supra), page 345, § 1867. See, also, Underhill's Criminal Evidence, page 345, § 241.

A careful examination of the case shows the defendant had a fair trial and that there is sufficient legal evidence properly admitted by the court to sustain the verdict.

Now, Oct. 6, 1926, new trial refused.

Mrs. Daryle R. Heckman, Somerset, Pa.